601 F.Supp. 1390 (1985)
Gordon W. MINER, and James S. Schell, Plaintiffs,
v.
The INTERNATIONAL TYPOGRAPHICAL UNION NEGOTIATED PENSION PLAN, and Carl E. Hatton, individually and in his capacity as Plan Administrator, and Joe Bingel, Allan J. Heritage, Robert L. Wartinger, Ray Brown, James E. Horne, Thomas W. Schramm, H.J. Kracke, Roy O. Kopp, and Charles E. Abel, individually and in their respective capacities as Plan Trustees, Defendants.
Civ. A. No. 84-JM-1148.
United States District Court, D. Colorado.
January 31, 1985.
John M. Husband, Holland & Hart, Denver, Colo., Michael K. Wyatt, G. Jeffrey Miner, Washington, D.C., for plaintiffs.
James F. Gill, Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, Neil Peck, Denver, Colo., for defendants.

ORDER
JOHN P. MOORE, District Judge.
THIS MATTER comes before the Court on two separate motions filed by defendants. *1391 The first is a Motion to Dismiss Plaintiffs' claims for punitive damages under ERISA; the second, a Motion for Partial Summary Judgment. Jurisdiction is invoked pursuant to § 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e), 28 U.S.C. § 1331 and the doctrine of pendent jurisdiction. The motions have been thoroughly briefed and oral argument would not assist my decision. Each motion will be addressed separately.
In this action instituted under ERISA, Plaintiffs, former employees of the International Typographical Union Negotiated Pension Plan ("ITU/NPP" or "the Plan"), allege wrongful and retaliatory discharge from their employment with the Plan upon their discovery of certain violations of ERISA's fiduciary provisions by Defendant Hatton, Plan Administrator, and other named defendants administering the Plan. Plaintiffs seek damages for lost wages and benefits, for humiliation, mental suffering and distress, punitive damages, reinstatement into the Plan and their former positions, and other equitable relief.

I. Motion to Dismiss Plaintiffs' claim for punitive damages under ERISA.
To grant Defendants' Motion to Dismiss, it must appear "beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6, 78 S.Ct. 99, 101-2, 2 L.Ed.2d 80 (1957); Mitchell v. King, 537 F.2d 385, 386 (10th Cir.1976). All facts must be construed in a light most favorable to plaintiff for "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheurer v. Rhodes, 416 U.S. 232, 237, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).
ERISA is a remedial statute enacted in response to the proliferation of private pension plans and the need to provide uniform supervision and regulation of this multi-billion dollar industry. Its purpose of establishing and enforcing strict standards of conduct to protect participants in employee benefit plans is underscored in its legislative history which indicates:
The intent of the Committee is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law or recovery of benefits due to participants. 3 U.S.Code Cong. & Admin.News, 93rd Congress, 2d Session, 1974 Legislative History at 4639, 4871.
The civil enforcement provisions for violations of fiduciary duties are found under 29 U.S.C. § 1132(a) (1976) which authorizes suits for redress of violations of 29 U.S.C. § 1140 (Interference with protected rights). Section 1132(a)(3) provides:
(a) A civil action may be brought 
(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.
Section 1109 (Liability for breach of fiduciary duty) imposes personal liability on a fiduciary to restore any losses to a plan along with "such other equitable or remedial relief as the court may deem appropriate."
These sections are buttressed by 29 U.S.C. § 1001(b) (Congressional findings and declaration of policy) which provides "appropriate remedies, sanctions, and ready access to the Federal courts" in setting "standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans." Id.
Defendants' Motion to Dismiss Plaintiffs' claims for punitive damages under ERISA raises an issue of first impression in this district. Only the Eighth and Ninth Circuits have ruled on the availability of punitive damages under ERISA. Moreover, the issue has created some dissonance among the districts and a split in the published decisions.
*1392 In Russell v. Massachusetts Mutual Life Insurance Company, 722 F.2d 482 (9th Cir.1982) (Plaintiff alleged wrongful termination and improper processing of claim), upon reviewing the legislative history noted above, the court observed that it could find "no reason for believing that Congress intended to exclude the sanction of punitive damages from this full range of legal and equitable relief." Id. at 491. The Ninth Circuit held that under appropriate circumstances, punitive damages are available to redress a breach of fiduciary duty under the Act. In its reasoning, the court likened ERISA to the Landrum-Griffin Act, 29 U.S.C. § 412 (1976) which protects the individual rights of union workers and contains enforcement language similar to that of ERISA. Although the legislative history of Landrum-Griffin is silent as to punitive damages and the Act itself contains no specific reference to such relief, the recovery of punitive damages is allowed in fashioning relief. See, e.g., Bise v. International Brotherhood of Electrical Workers, 618 F.2d 1299 (9th Cir.1979). Similarly, the Ninth Circuit concluded that punitive damages could be awarded under ERISA to punish a wrongdoer and deter others from similar misconduct in certain very limited circumstances. Plaintiff would be required to show that a fiduciary, in carrying out the duties and responsibilities imposed by the Act, "acted with actual malice or wanton indifference to the rights of a participant or beneficiary." Id. at 492. A similar result was reached in Winterrowd v. David Freedman and Company, Inc., 724 F.2d 823 (9th Cir.1984) (Employer's unilateral reduction of pension contributions merits sanction of punitive damages).
The Eighth Circuit stated in dictum that punitive damages are inappropriate to redress a claim for interference with employee benefit plans. Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208 (8th Cir. 1981). However, in a later decision, Monson v. Century Manufacturing Company, 739 F.2d 1293 (8th Cir.1984), the Eighth Circuit upheld the award of punitive damages under ERISA upon plaintiff class' proof of the defendants' deliberate falsehoods and misrepresentations. Like the Ninth Circuit, the Eighth Circuit focussed its sanction on the egregiousness of defendant's conduct as a fiduciary.
The split in the district court decisions appears to follow a similar analysis. Where a plan fiduciary fails to perform mandated statutory functions, no punitive damages are allowed. However, in actions against a fiduciary for breach of its fiduciary duties, exemplary damages have not been foreclosed. See, e.g. Jiminez v. Pioneer Diecasters, 549 F.Supp. 677 (C.D.Calif.1982) (Fiduciary cancelled lump sum payment option in retaliation for plaintiff's complaint about working conditions); Bittner v. Sadoff & Rudoy Industries, 490 F.Supp. 534 (E.D.Wis.1980) (Retaliatory firing of plaintiff who sought recovery of benefits for son's disability); Eaton v. D'Amato, 581 F.Supp. 743 (D.C.D.C.1980) (defendants motion to dismiss plaintiff's claim for punitive damages denied to allow evidence of degree of malice or recklessness in fiduciary's conduct); Bobo v. 1950 Pension Plan, 548 F.Supp. 623 (D.C.N.Y. 1982) (Evidence of reduction of benefits to disabled employee may be admitted to determine award of punitive damages). The award of punitive damages against fiduciaries whose conduct has been judged to be sufficiently wilful or malicious or outrageous, has been justified as a deterrent to others who hold similar positions of trust.
Those courts which deny punitive damages cite a variety of rationales. A line of cases propound the theory that punitive damages are not available to redress the "automatic duty" provisions of ERISA i.e. record-keeping and accounting. See, e.g. Meyer v. Philip Morris, Inc., 575 F.Supp. 1232 (D.C.Mo.1983) (Fiduciary failed to provide annual report and satisfy other reporting requirements); Cowden v. Montgomery County Society for Cancer Control, 591 F.Supp. 740 (W.D.Ohio 1984) (Punitive damages not available for failure to comply with information reporting and disclosure requirements of ERISA); Zittrouer v. Uarco Inc. Group Benefit Plan, 582 F.Supp. 1471 (D.C.Ga.1984) (Punitive damages not available for failure to provide certain benefits); Whitaker v. Texaco, 566 F.Supp. 745 *1393 (D.C.Ga.1983) (No punitive damages in resolution of dispute over discount rate followed by the plan); Hechenberger v. Western Electric Company, Inc., 570 F.Supp. 820 (D.C.Mo.1983) (Trustee's failure to pay benefits does not warrant award of punitive damages); Maxfield v. Central States Southeast & Southwest Areas Health, Welfare & Pension Funds, 559 F.Supp. 158 (D.C.Ill.1982) (Punitive damages not available where pension fund itself would have to pay the award). Other courts have declined to decide the issue, satisfied that the particular facts of the case did not warrant their award under any circumstances. See, e.g., Korn v. Levine Brothers Iron Works Corp., 574 F.Supp. 836 (D.C.N.Y.1983); Aronson v. Servus Rubber Division of Chromalloy American Corp. Employees' Profit Sharing Plan, 566 F.Supp. 1545 (D.C.Mass.1983).
The Tenth Circuit, although not addressing the issue of punitive damages, has set forth a framework within which, I believe, the question of punitive damages can be analysed. In Eaves v. Penn, 587 F.2d 453 (10th Cir.1978), Judge Barrett unequivocally aligned the focus of ERISA's remedial provisions with that of traditional trust law.
The objectives of these provisions are to make applicable the law of trusts ... to establish uniform fiduciary standards to prevent transactions which dissipate or endanger plan assets; and to provide effective remedies for breaches of trust. Statement of the Honorable Harrison A. Williams, Jr., 120 Cong.Rec. S-15737, Aug. 22, 1974, Reprinted [1974] U.S. Code Cong. & Admin.News, pp. 5177, 5186, as cited in Eaves, at 462.
In affirming the order to rescind a purchase-sale agreement for the plan at issue, the Tenth Circuit recognized "its duty to enforce the remedy which is most advantageous to the participants and most conducive to effectuating the purposes of the trust." Id. at 462, citing Restatement (Second) of Trusts, 214.
The overall design of ERISA is to safeguard the rights of plan participants within a uniform system drawing from principles of trust law. Exemplary damages are available in the common law of trusts not to secure performance but to deter conduct harmful to the trusts.[1]See, e.g. Rivero v. Thomas, 194 P.2d 533 (D.Ct. App.Cal.1948).
Accordingly, I find no Congressional intent to foreclose the remedy of punitive damages in those appropriate circumstances in which a fiduciary is found to have acted with actual malice or wanton indifference to the rights of a plan beneficiary or participant. This determination reflects no view as to Plaintiffs' right of recovery in this particular action but speaks only to the Defendants' Motion to Dismiss. Plaintiffs have stated a claim and may proceed to trial on their factual allegations.

II. Motion for Partial Summary Judgment
Defendants have moved for partial summary judgment on Counts Ten through Fourteen of Plaintiffs' Complaint[2] on the grounds that these common law claims are expressly preempted by 29 U.S.C. § 1144(a) (1976). Plaintiffs have invoked this Court's pendent jurisdiction over these state law claims on the ground that they derive from a common nucleus of operative fact with a substantial federal claim. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The exercise of pendent jurisdiction is within the sound discretion of a trial court. Id. In the case before me, I find such an exercise is unwarranted on the basis of the preemption language of ERISA and my belief that the statute itself *1394 comprehensively addresses Plaintiffs' Complaint.
Section 1001(a) reveals Congress' intent to fashion a federal response to the need for uniform and comprehensive regulation of private employee benefit plans. To preserve this scheme, Congress provided in 29 U.S.C. § 1144(a) for broad preemption:
[T]he provisions of this subchapter ... shall supercede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title....
The legislative history of ERISA fully supports an expansive reading of the preemption provision as an essential element in the statutory scheme. See, e.g. Hewlett-Packard Company v. Barnes, 425 F.Supp. 1294 (N.D.Calif.1977) and citations therein. In Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981), the Court found that Congress "meant to establish pension plan regulation as exclusively a federal concern." Id. at 524, 101 S.Ct. at 1906.
Plaintiffs' state law claims relate to and are redundant of their ERISA claims. Defendants' alleged violation of 29 U.S.C. § 1104(a)(1), § 1106(b)(1), § 1106(b)(2), § 1106(b)(3), § 1140, § 1105(a)(1) and § 1105(a)(2) as stated in Counts One through Nine are all related to retaliatory discharge and/or the participation of fiduciaries in such activities which may be fully redressed under 29 U.S.C. § 1140. This section provides in part:
It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan....
I have frequently expressed my concern about the expansion of federal remedies through the addition of pendent state claims. In the context of securities litigation I have limited actions for relief under the federal securities laws to federal claims in the absence of a showing of unfairness to the litigants. Psihountas v. M.A.W. Corp., 84-JM-267 (D.Colo.1984); Peterson v. Shearson/American Express 83-JM-140 (D.Colo.1984). Similarly, where plaintiffs seek relief under as comprehensive a statute as ERISA, I am satisfied that the federal statute sufficiently encompasses their complaint to offer full redress.[3] Here federal preemption obviates the exercise of my discretion. In the alternative, plaintiffs are free to bring their common law claims in state court.
Upon the foregoing, it is
ORDERED:
1. Defendants' motion to dismiss plaintiffs' claims for punitive damages is denied; and
2. Defendants' motion for partial summary judgment is granted on Counts Ten through Fourteen, and these claims are dismissed.
FURTHER ORDERED,
3. Defendants' motion for oral argument, filed on November 13, 1984, is denied.
NOTES
[1] To draw upon the law of trust does not violate ERISA's premption provision, 29 U.S.C. § 1144(a) (1976). Federal preemption does not mandate such a result; only that its remedial design take precedence over any other state law.
[2] Count 10, Intentional Infliction of Emotional Distress; Count 11, Breach of Implied Contractual Terms; Count 12, Tortious Interference with Employment Relationships; Count 13, Wrongful Discharge and Civil Conspiracy.
[3] This determination is consistent with J. Kane's ruling in Ball v. Johns-Manville Corp. Retirement Plan, 522 F.Supp. 718, 2 E.B.C. 1181 (D.Colo. 1981) which provides that assignments pursuant to domestic relations decrees are implied exemptions from ERISA preemption. That state law occupies the area of domestic and family relations is well established and is not an intrusion on federal preemption under ERISA.