780 F.2d 20
 Barbara G. HOLLENBECK, Administratrix of the Estate of
Virginia M. Gutting, Deceased, Appellee,
v.
FALSTAFF BREWING CORPORATION, Appellant.
Barbara G. HOLLENBECK, Administratrix of the Estate of
Virginia M. Gutting, Deceased, Appellant,
v.
FALSTAFF BREWING CORPORATION, Appellee.
 Nos. 85-1359, 85-1422.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 11, 1985.
Decided Dec. 18, 1985.
 
 Joseph L. Alioto, San Francisco, Cal., for appellant.
 David G. Dempsey, St. Louis, Mo., for appellee.
 Before HEANEY, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal and cross appeal raise various issues under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1001-1461. We affirm the judgment of the district court.
 
 
 2
 We mention briefly only a single issue argued by the parties. That issue is whether punitive damages are available as a remedy to an ERISA violation.
 
 
 3
 The district court examined that issue and concluded it was "highly doubtful" this court would approve an award of punitive damages in an ERISA action. Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421, 435 (E.D.Mo.1984); see Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1216 (8th Cir.), cert. denied, 454 U.S. 968 and 1084, 102 S.Ct. 512 and 641, 70 L.Ed.2d 384 and 619 (1981). The district court went on, however, to state that even if punitive damages were generally available none could properly be awarded in this case because in its view Falstaff's actions were neither malicious nor in wanton disregard of the beneficiaries' rights to receive insurance benefits. Hollenbeck, 605 F.Supp. at 436.
 
 
 4
 The district court's finding on the issue of punitive damages is a finding of fact. As such, it may only be overturned on appeal if found to be "clearly erroneous." Fed.R.Civ.P. 52(a); see also Anderson v. City of Bessemer City, --- U.S. ----, 105 S.Ct. 1504, 1511-13, 84 L.Ed.2d 518 (1985); Jennings v. Dumas Public School District, 763 F.2d 28, 32 (8th Cir.1985). We have carefully reviewed the record and conclude that the district court's finding of no malice or wanton disregard is not clearly erroneous. Since this conclusion precludes the recovery of punitive damages under any circumstances, we have no need to and expressly decline to reach the underlying question of whether punitive damages may ever be recovered in an ERISA action.
 
 
 5
 We have examined all other contentions advanced by the parties and conclude they are without merit. Thus, we affirm the well-reasoned decision of the district court. See 8th Cir.R. 14.