654 F.Supp. 457 (1987)
JAMES A. DOOLEY ASSOCIATES EMPLOYEES RETIREMENT PLAN, Virginia P. Dooley, James Proesel, William Fitzhugh Fox,
v.
Joseph H. REYNOLDS Sr.
No. 86-1348C(1).
United States District Court, E.D. Missouri.
February 19, 1987.
Terrance J. Good, Amy Rehm Hinderer, St. Louis, Mo., for plaintiffs.
Jerome F. Raskas, John C. Caravaglia, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This ERISA case is now before the Court on defendant's motion to dismiss, to strike and for more definite statement. Plaintiffs *458 are the James A. Dooley Associates Employees Retirement Plan (the "Dooley Trust"), Virginia P. Dooley, a beneficiary, trustee, and participant of the Dooley Trust, and James Proesel and William Fitzhugh Fox, trustees of the Dooley Trust. Defendant is Joseph A. Reynolds, Sr., a trustee of the Dooley Trust from May 1, 1978, to February 20, 1981. With respect to plaintiffs' ERISA claim, defendant's motion to dismiss, to strike and for more definite statement is denied. With respect to plaintiffs' state law breach of trust agreement, breach of fiduciary duty, and negligence claims, defendant's motion to dismiss is granted. With respect to plaintiffs' state law fraud claim, defendant's motion to dismiss is denied, but defendant's motion for more definite statement is granted.
Plaintiffs, in a five-count complaint, brought suit against defendant: for breach of his ERISA fiduciary duties and for causing the Dooley Trust to engage in a prohibited transaction (Count I), for breach of trust agreement (Count II), for common law breach of fiduciary duty (Count III), for common law fraud (Count IV), and for negligence (Count V). Plaintiffs' claims arise out of certain loans made by the Dooley Trust to Briarwood Development, Inc. (the "Briarwood Development Transactions") and to the Great Eagle Oil and Gas Company (the "Great Eagle Transactions"). In his motion to dismiss, defendant contends: (1) that, with respect to the Great Eagle Transactions, plaintiffs fail to state a claim for violation of ERISA 29 U.S.C. § 1106(a) because plaintiffs did not allege sufficient facts to constitute a prohibited transaction; (2) that plaintiffs' prayer for punitive damages should be stricken because punitive damages are not allowed for ERISA violations; (3) that, with respect to Counts II-V, plaintiffs fail to state claims upon which relief can be granted because ERISA preempts state law claims relating to trusts governed by ERISA; and (4) that, with respect to Count IV, plaintiffs fail to state a claim because plaintiffs fail to allege defendant's fraudulent misrepresentations, omissions, and actions with particularity.

The Briarwood Development Transactions
Plaintiffs allege that: Defendant, acting in his capacity as a Dooley Trust trustee, caused the Dooley Trust to loan to Briarwood Development, Inc. (Briarwood), $167,700.00 of Dooley Trust monies.[1] Defendant, acting in his capacity as trustee for certain other trusts, caused those trusts to loan to Briarwood $80,000.00 of those trusts' monies.[2] Each loan was secured by a purchase money deed of trust and a personal guarantee. The security for each loan was grossly inadequate. Defendant caused the Dooley Trust to enter into each loan knowing that, or with reckless disregard for the fact that, the security provided for the loan was grossly inadequate. Defendant caused the Dooley Trust to enter into the later loans knowing that, or with reckless disregard for the fact that, each additional loan to Briarwood by the Dooley Trust or by the other trusts diluted the security for the earlier Dooley Trust loans to Briarwood.
Plaintiffs further allege that: Defendant, within one month before resigning as a Dooley Trust trustee, caused the Dooley Trust to agree not to participate in payments by Briarwood under some of the deeds of trust. After resigning, defendant delayed five-months in delivering the notes, documents, and records of the Dooley Trust to the trust's accountant. Defendant failed to account for monies received during that five-month period. Defendant continues without authority to receive payments from Briarwood on the loans, but fails to turn those funds over to the Dooley Trust or to account for them. Plaintiffs have obtained a judgment to collect on the *459 notes and personal guarantees, but collection efforts have proven fruitless.

The Great Eagle Transactions
Plaintiffs allege that: Defendant, acting in his capacity as a Dooley Trust trustee, caused the Dooley Trust to loan to the Great Eagle Oil and Gas Co. (Great Eagle) $151,000.00 of Dooley Trust monies. The security for the loan was purportedly a first lien on an oil and gas leasehold and the personal guarantee of the president of Great Eagle. The security for the loan was grossly inadequate. Defendant caused the Dooley Trust to enter into the loan knowing that, or with reckless disregard for the fact that, the security was grossly inadequate. Great Eagle is now bankrupt and plaintiffs' recovery on the loan is remote.
Plaintiffs further allege that: Defendant, prior to causing the Dooley Trust to loan money to Great Eagle, invested individually in Great Eagle or in its affiliated or associated wells. Prior to the Dooley Trust's loan to Great Eagle, Great Eagle told defendant that it was financially in trouble. Thereafter, defendant caused the Dooley Trust to make the loan to Great Eagle in order to protect his prior investment. Immediately prior to his resignation, defendant concealed the inadequacy of the security for the Great Eagle loan by renewing the loan to avoid Great Eagle's default. After his resignation, defendant, acting by and through his daughter, misrepresented to his successor trustees that the Great Eagle notes were collectable, that the security therefor was adequate, that Great Eagle had tentatively agreed to repay the notes in installments, and that Great Eagle would refinance its debts. By the foregoing, defendant concealed from his successor trustees the fact that Great Eagle was bankrupt, or on the verge of bankruptcy, that the notes were uncollectable, and that the security therefor was inadequate.
By the factual circumstances constituting both the Briarwood Development Transactions and the Great Eagle Transactions, plaintiffs allege that defendant breached his ERISA 29 U.S.C. § 1104(a) fiduciary duties, breached the trust agreement, breached his common law fiduciary duties, committed common law fraud, and was negligent. By the loan involved in the Great Eagle Transactions, plaintiffs allege that defendant caused the Dooley Trust to engage in a prohibited transaction in violation of ERISA 29 U.S.C. § 1106(a). Further, plaintiffs allege that defendant's conduct was "willful, wanton, malicious and with complete indifference to the rights of others." (Complaint, ¶ 44). Plaintiffs bring this ERISA action against defendant under ERISA 29 U.S.C. § 1132(a)(3).

Motion to Dismiss
In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state every element necessary for recovery with precision. 5 Wright & Miller, Federal Practice and Procedure § 1216 at 120 (1969). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-102.

1. The Great Eagle Transactions: ERISA 29 U.S.C. § 1106(a) Prohibited Transaction.
Defendant contends that plaintiffs fail to state a claim under ERISA § 1106(a) because, although plaintiffs allege that defendant caused the Dooley Trust to engage in a prohibited transaction, plaintiffs failed to allege that defendant was a party in interest with respect to the Great Eagle loan within the meaning of ERISA 29 U.S.C. § 1002(14).
*460 ERISA 29 U.S.C. § 1106 provides in pertinent part:
Prohibited transactions.
(a) Transactions between plan and party in interest.
Except as provided in section 1108 of this title: (1) a fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect  (D) transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan; ...
ERISA 29 U.S.C. § 1106(a)(1)(D).
ERISA 29 U.S.C. § 1002 provides in pertinent part:
(14) The term "party in interest" means, as to an employee benefit plan  (A) any fiduciary (including, but not limited to, any administrator, officer, trustee, or custodian), counsel, or employee of such employee benefit plan; ...
ERISA 29 U.S.C. § 1002(14)(A).
Defendant concedes that he was a plan fiduciary. Thus, defendant was a "party in interest." ERISA 29 U.S.C. § 1002(14)(A). Plaintiffs allege that defendant, prior to the Dooley Trust loan to Great Eagle, "invested money individually in Great Eagle and/or other wells associated or affiliated with Great Eagle." (Complaint, ¶ 33). Further, plaintiffs allege that defendant caused the Dooley Trust to loan the money to Great Eagle to protect defendant's own prior investment in Great Eagle. Plaintiffs contend that this loan transaction was a prohibited transaction in violation of ERISA 29 U.S.C. § 1106(a)(1)(D). Although not explicitly stated, fairly construed, the complaint alleges that defendant was a "party in interest" with respect to the Great Eagle loan.
ERISA 29 U.S.C. § 1106 prohibits certain categories of transactions which offer a high potential for insider abuse of pension plans, self-dealing, or loss of assets. Donovan v. Walton, 609 F.Supp. 1221, 1246 (S.D.Fla.1985). "A fiduciary who permits a plan to transact business with an entity in which he has a personal interest ... violates ERISA [29 U.S.C. § 1106]." Donovan v. Walton, 609 F.Supp. 1221, 1247 (S.D.Fla.1985) (held: defendant did not violate § 1106 because the particular transaction was exempted from § 1106). See Leigh v. Engle, 727 F.2d 113 (7th Cir.1984); M & R Investment Co. v. Fitzsimmons, 685 F.2d 283 (9th Cir.1982).
Defendant was a fiduciary. Plaintiffs allege that defendant invested in Great Eagle and then caused the Dooley Trust to loan trust funds to Great Eagle in order to protect defendant's investment. Thus, plaintiffs adequately allege that defendant was a "party in interest" with respect to the Great Eagle loan. Therefore, plaintiffs state a claim for violation of ERISA 29 U.S.C. § 1106(a)(1)(D). Accordingly, defendant's motion to dismiss plaintiffs' claim for a violation of ERISA 29 U.S.C. § 1106(a)(1)(D) is denied.

2. Punitive Damages Under ERISA.
Plaintiffs allege that defendant's conduct was "willful, wanton, malicious and with complete indifference to the rights of others." Plaintiffs seek punitive damages for defendant's violation of his ERISA fiduciary duties and for causing the Dooley Trust to engage in a prohibited transaction to the trust's detriment.[3] Defendant contends that punitive damages are not available in ERISA actions under 29 U.S.C. § 1132(a)(3).
Defendant concedes that Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208 (8th Cir.), cert. denied, 454 U.S. 1084, 102 S.Ct. 641, 70 L.Ed.2d 619 (1981), did not decide whether punitive damages are available under ERISA. Nevertheless, defendant relies upon the oft-quoted passage from Dependahl for support:
We do not think punitive damages are provided for in ERISA. Ordinarily punitive damages are not presumed; they are not the norm; and nowhere in ERISA are they mentioned. If Congress had desired to provide for punitive damages, *461 it could have easily so stated, as it has in other acts.
653 F.2d at 1216. Though written broadly, the opinion holds only that, as a matter of federal common law, punitive damages are inappropriate for tortious interference with employee benefit plans. The court reserved the issue of whether punitive damages were available generally. 653 F.2d at 1216. See Hollenbeck v. Falstaff Brewing Corp., 780 F.2d 20 (8th Cir.1985) (Eighth Circuit "decline[s] to reach the underlying question of whether punitive damages may ever be recovered in an ERISA action." Id. at 21).[4]
Defendant also relies upon Meyer v. Phillip Morris, Inc., 575 F.Supp. 1232 (E.D.Mo.1983). In Meyer, this Court granted defendants' motion to dismiss punitive damage claims for violations of § 1024(b)(1) and (3), which require the plan administrator to provide beneficiaries with the description of the plan and to notify beneficiaries of all plan modifications. In dismissing punitive damages, this Court relied upon the availability of criminal penalties for violations of these sections. 575 F.Supp. at 1235-36. In contrast, criminal penalties are not available for breaches of fiduciary duties. See, 29 U.S.C. § 1131. Thus, § 1132 provides the only enforcement mechanism for fiduciary duties. In Meyer, this Court distinguished between violations of technical requirements and breaches of fiduciary duties and carefully rejected punitive damages only for the former. 575 F.Supp. at 1235-36. Since Meyer, other courts have recognized and maintained this distinction. See e.g., Winterrowd v. David Freedman and Company, Inc., 724 F.2d 823, 826 (9th Cir.1984); Miner v. International Typographical Union Negotiated Pension Plan, 601 F.Supp. 1390, 1392-93 (D.Colo.1985). Thus, Meyer did not reject punitive damages for breaches of fiduciary duties.
A primary objective of ERISA is to provide effective remedies for breaches of trust. Miner, 601 F.Supp. at 1393 (citing Statement of Honorable Harrison A. Williams, Jr., 120 Cong.Rec. S-15737, August 22, 1974, reprinted in 1974 U.S.Code Cong. & Admin.News 5177, 5186). To this end, Congress intended federal courts to develop federal common law in fashioning additional "appropriate equitable relief." Russell, 473 U.S. at 155, 105 S.Ct. at 3097. In resolving the issue at hand, the touchstone must be whether punitive damages are necessary to deter breaches of the fiduciary duties set out in § 1104. Meyer, 575 F.Supp. at 1236; Dependahl, 653 F.2d at 1217; Miner, 601 F.Supp. at 1393. This Court cannot conclude as a matter of law that the possibility of punitive damages will not deter breaches of duties. Punitive damages may be necessary where a plaintiff can prove a malicious breach of duty. See Gilliken v. Hughes, 609 F.Supp. 178, 181-82 (D.Del.1985). Further, for a breach of state law fiduciary duties, a plaintiff might recover punitive damages. Thus, in light of the Court's conclusion, infra, that plaintiffs' state law breach of fiduciary duty claim is preempted by ERISA, the Court finds that ERISA allows for punitive damages for violations of ERISA fiduciary duties. Accordingly, defendant's motion to strike punitive damages is denied.

3. ERISA Preemption.
The Dooley Trust is an employee benefit plan covered by ERISA. Plaintiffs' state law breach of trust agreement, breach of fiduciary duty, fraud, and negligence claims arise out of defendant's decisions to loan trust funds to Briarwood and *462 Great Eagle. Defendant's actions which form the basis for plaintiffs' state law breach of trust agreement, breach of fiduciary duty, and negligence claims are defendant's actions as an ERISA trustee in possible breach of his ERISA fiduciary duties. Defendant's liability for his decisions and actions as an ERISA trustee relating to the loan of trust funds is governed by ERISA and the fiduciary duty standard imposed by ERISA. 29 U.S.C. § 1104(a), § 1109(a), § 1132(a)(3). Thus, plaintiffs' state law breach of trust agreement, breach of fiduciary duty, and negligence claims "relate to" the Dooley Trust as an employee benefit plan covered by ERISA. Therefore, plaintiffs' state law breach of trust agreement, breach of fiduciary duty, and negligence claims are preempted by ERISA. 29 U.S.C. § 1144(a). Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1214-1215 (8th Cir.), cert. denied, 454 U.S. 1084, 102 S.Ct. 641, 70 L.Ed.2d 619 (1981).[5]See Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); Alessi v. Raybestos-Manhattan Inc., 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). Accordingly, with respect to plaintiffs' state law breach of trust agreement, breach of fiduciary duty, and negligence claims, defendant's motion to dismiss is granted.
Defendant's actions which form the basis for plaintiffs' state law fraud claim are defendant's actions after resigning his trusteeship. In essence, plaintiffs contend that, after resigning his trusteeship, defendant attempted to conceal the fact that defendant, while an ERISA trustee, had breached his ERISA fiduciary duties. Defendant committed the alleged fraud as a stranger to the trust, not as a trustee. See 29 U.S.C. § 1109(b).
"Although the preemptive effect of ERISA is broad, it is not all-encompassing." Lane v. Goren, 743 F.2d 1337, 1339 (9th Cir.1984). In the instant case, defendant's alleged fraud upon the Dooley Trust occurred while defendant was a stranger to the trust. This state law fraud action does not attempt to hold defendant liable for his conduct as an ERISA trustee. This state law fraud action does not affect the administration of an ERISA plan and does not affect the terms and conditions of an ERISA plan. This state law fraud action affects the Dooley Trust as an ERISA plan in "too tenuous, remote, or peripheral a manner to warrant a finding that" it "relates to" the Dooley Trust as an ERISA plan. Lane v. Goren, 743 F.2d 1337, 1339 (9th Cir.1984). Thus, the Court finds that ERISA § 1144(a) does not preempt plaintiffs' state law fraud claim against defendant based upon defendant's acts as a stranger to the Dooley Trust and after defendant resigned his trusteeship. See Fremont v. McGraw-Edison Co., 606 F.2d 752, 759 (7th Cir.1979), cert. denied, 445 U.S. 951, 100 S.Ct. 1599, 63 L.Ed.2d 786 (1980). Accordingly, defendant's motion to dismiss plaintiffs' state law fraud claim is denied.
The circumstances constituting fraud must be pleaded with particularity. Fed.R.Civ.P. 9(b). Plaintiffs' allegations concerning defendant's attempted concealment are not pleaded with particularity. Accordingly, defendant's motion for a more definite statement is granted. Plaintiffs are required to plead, within twenty (20) days of the date of this order, the circumstances surrounding defendant's fraud with particularity.

ORDER
Pursuant to the memorandum filed herein this day,
*463 IT IS HEREBY ORDERED that defendant's motion to dismiss, to strike and for more definite statement be and is granted in part and denied in part.
IT IS FURTHER ORDERED that, with respect to plaintiffs' ERISA breach of fiduciary duty claim and ERISA prohibited transaction claim, defendant's motion to dismiss be and is denied.
IT IS FURTHER ORDERED that, with respect to plaintiffs' prayer for punitive damages on their ERISA claim, defendant's motion to strike be and is denied.
IT IS FURTHER ORDERED that, with respect to plaintiffs' state law claims, Counts II, III, and V, defendant's motion to dismiss be and is granted.
IT IS FURTHER ORDERED that, with respect to plaintiffs' state law fraud claim, Count IV, defendant's motion to dismiss be and is denied.
IT IS FURTHER ORDERED that, with respect to plaintiffs' state law fraud claim, Count IV, defendant's motion for a more definite statement be and is granted.
IT IS FURTHER ORDERED that plaintiffs be and are required to plead, within twenty (20) days of the date of this order, the circumstances surrounding defendant's fraud with particularity.
NOTES
[1] The Dooley Trust made eight (8) loans to Briarwood: six (6) loans for $25,000.00 each, one (1) loan for $10,000.00, and one (1) loan for $7,700.00.
[2] These other trusts made five (5) loans to Briarwood: one (1) loan for $25,000.00, three (3) loans for $15,000.00, and one (1) loan for $10,000.00.
[3] Plaintiffs also seek punitive damages for defendant's violations of state law.
[4] See also Massachusetts Mutual Life Insurance v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). In Russell, the Ninth Circuit held that punitive damages could be recovered by a plan beneficiary under § 1109(a). The Supreme Court reversed the decision of the Court of Appeals on two grounds. First, the Supreme Court found that any recovery under § 1109 must enure to the benefit of the plan, not to a beneficiary. Second, the Supreme Court refused to imply a private right of action under § 1109 for the benefit of plan beneficiaries. As the concurrence signed by four Justices carefully notes, the majority opinion does not resolve whether and to what extent extra-contractual damages, including punitive damages, are available under § 1132(a)(3). Thus, Russell does not resolve the instant issue.
[5] Accord Jackson v. Martin Marietta Corp., 805 F.2d 1498 (11th Cir.1986) (breach of contract claim); Phillips v. Amoco Oil Co., 799 F.2d 1464 (11th Cir.1986) (fraud claim); Kolentus v. Avco Corp., 798 F.2d 949 (7th Cir.1986), cert. denied, ___ U.S. ___, 107 S.Ct. 878, 93 L.Ed.2d 832 (1987) (fraud claim); Powell v. Chesapeake and Potomac Telephone Co. of Va., 780 F.2d 419 (4th Cir.1985), cert. denied, ___ U.S. ___, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986) (breach of fiduciary duty claim); Authier v. Ginsburg, 757 F.2d 796 (6th Cir.), cert. denied, ___ U.S. ___, 106 S.Ct. 208, 88 L.Ed.2d 177 (1985) (breach of fiduciary duty claim).