James WILLIAMS, Billy Joe Cravens, Amanda Hilton, Dale Kent, Grace Richards, Hazel Burr, Dorothy Saxon, Alma Cox, Thelma Harbison, Florence Miller, and Hazel Daves, Plaintiffs,

v.

Gene CYPERT and Marcus Walden, Individually and as Trustees and Administrators of Campbell–Bell, Inc., Profit Sharing Trust, Campbell–Bell, Inc., and Donald Baier, Certified Public Accountant, Individually, Defendants.

Civ. No. 88–5098.

United States District Court,
W.D. Arkansas,
Fayetteville Division.

March 8, 1989.

Charles L. Stutte, Putman–Maglothin Law Offices, Fayetteville, Ark., for plaintiffs.

Kenneth R. Mourton, Ball Mourton & Adams, Mike Mashburn, Mashburn & Taylor, Fayetteville, Ark., Peter G. Kumpe, Williams & Anderson, Little Rock, Ark., for defendants.

MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

This matter is before the court on the motion of the separate defendants, Gene Cypert and Marcus Walden, for partial summary judgment.

This action is brought on behalf of eleven plaintiffs who were all employees of Campbell–Bell, Inc., and participants and beneficiaries of Campbell–Bell, Inc., Profit Sharing Trust. The defendants are Gene Cypert and Marcus Walden who are sued individually and as directors and officers of Campbell–Bell, Inc., and as trustees and administrators of Campbell–Bell, Inc., Profit Sharing Trust and Donald Baier, Certified Public Accountant. Plaintiffs' claims are principally for defendants' breach of fiduciary duties under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1109 and 1132(a)(2). However, plaintiffs have also alleged pendent state law claims of fraudulent misrepresentation, breach of fiduciary duty, and negligence.

Defendants Cypert and Walden contend that ERISA preempts all state common law

based causes of action relating to an employee profit sharing trust. In addition, defendants contend punitive damages are not available in ERISA actions under 29 U.S.C. §§ 1109 and 1132(a)(2). The plaintiffs, on the other hand, argue that their claims should not be dismissed and state that the fraudulent misrepresentation claims and the breach of fiduciary claims are premised on the defendants' status as employers and corporate directors and not defendants' status as administrators and trustees of the plan. Plaintiffs further point out that the Court of Appeals for the Eighth Circuit has never decided whether punitive damages are available under ERISA. In light of this plaintiff argues punitive damages are available under ERISA.

There is no dispute between the parties that the plaintiffs' main claim for breach of fiduciary duty comes within the coverage of ERISA. The dispute centers around whether the state law claims come within the scope of ERISA and are therefore preempted.

The preemption provisions of ERISA have been the focus of much litigation. ERISA by its terms preempts state laws to the extent they relate to employee benefit plans. 29 U.S.C. § 1144. Through ERISA, Congress has "set minimum, uniform national standards for employee benefit plans ... to provide for uniform remedies in the enforcement of the plans. In doing so, Congress preempted all state laws which relate to employee benefit plans, not only state laws which directly attempt to regulate an area expressly covered by ERISA." *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1215 (8th Cir.1981) *cert. denied,* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981). In general, a three step process is utilized to determine if preemption is mandated by the statute. "First, there must be a 'plan' as defined by the Act. [29 U.S.C. § 1003(a)]. Second, if a state law 'relates to' an employee benefit plan it is preempted. 29 U.S.C. § 1144(a) (general preemption clause). Third, the 'savings clause' must be considered. [29 U.S.C. § 1144(b)(2)(A)." *Tucker v. Employers*

*Life Ins. Co.*, 689 F.Supp. 1073, 1075 (N.D. Ala.1988).

It is the second step of this process that is at issue in this case. The focal point of applying the preemption provision, 29 U.S. C. § 1144, is to ascertain whether the state law in question "relates to" the employee benefit plan. The Supreme Court has noted the expansive sweep of the preemptive clause. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). In several cases the Court has stated, "[t]he phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). "In those cases where federal courts have decided that preemption is not mandated, the rationale often advanced is that the state law in question impacts upon ERISA in an indirect manner that is too tenuous or too remote to warrant preemption." *Greenblatt v. Budd Co.,* 666 F.Supp. 735, 741 (E.D.Pa.1987). *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983).

■ Defendant argues Counts II, III, IV, VI, and VII of plaintiffs' complaint alleging fraudulent misrepresentation, breach of fiduciary duty under Arkansas common law, and negligence, should be dismissed because those claims are preempted by ERISA. Specifically, defendants point out that ERISA provides a list of fiduciary duties in 29 U.S.C. § 1104(a). Defendants state that they, as trustees of a pension plan regulated by ERISA, are only subject to 1104 and the remedy provided in 29 U.S.C. § 1109(a). Section 1109(a) provides that the court is authorized to grant "such equitable or remedial relief as the court may deem appropriate" upon finding

a breach of fiduciary duty. Defendants rely on *Ogden v. Michigan Bell Telephone Co.*, 571 F.Supp. 520 (E.D.Mich.1983). The court agrees that defendants' liability for their actions taken in *their capacity as ERISA trustees* is governed by ERISA and the fiduciary standard imposed by ERISA. 29 U.S.C. § 1104(a), § 1109(a), § 1132(a)(3). *See James A. Dooley Assoc. Emp. Ret. Plan v. Reynolds*, 654 F.Supp. 457, 462 (E.D.Mo.1987).

The situation at hand, however, is more complicated than defendants assert. As plaintiffs point out the separate defendants occupy positions of "dual loyalty." Here the defendants were not only plan fiduciaries but were also officers and directors of Campbell–Bell, Inc., and served as plaintiffs' employers. Plaintiffs contend "to the extent that plaintiffs were employees of Campbell–Bell, Inc., and stockholders through the profit sharing trust, plaintiffs have a completely separate cause of action against defendants for their fraudulent conduct as officers and directors of the corporation, separate and distinct from plaintiffs' claims under ERISA."

Thus, the state law claims do not attempt to hold defendants liable for their conduct as ERISA trustees but rather stem from a separate duty arising from their positions as officers and directors of the corporation itself. The fact that the separate duties may have required similar disclosures is not dispositive. As was noted by the court in *Greenblatt v. Budd Co.*, "[t]hat the subject of the deception concerned [or impacted on] pension benefits is only incidental and not essential to plaintiff's cause of action." *Greenblatt v. Budd Co.*, 666 F.Supp. 735, 742 (E.D.Pa.1987).

In *Greenblatt, supra,* the plaintiff contended his employer verbally represented that the pension benefits he was receiving under one pension plan would be made equal to those available to comparable salaried management personnel under another plan. *Greenblatt*, 666 F.Supp. at 741. The court found this claim was not preempted because "the premise underlying this action was that plaintiff was deceived by the verbal statements made and the actions

taken by his employer." *Id.* at 742. The court found additional support "by the fact that the representations at issue were made by plaintiff's superiors, as his employers, and not as plan fiduciaries. Similarly, the misrepresentations at issue were made to plaintiff in the ordinary course of business and not in the course of administering a Budd Company pension plan." *Id.*

A similar result was reached in *Sommers Drug Stores v. Corrigan Enterprises, Inc.*, 793 F.2d 1456 (5th Cir.1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987). *See also James A. Dooley Assoc. Emp. Ret. Plan v. Reynolds*, 654 F.Supp. 457 (E.D.Mo.1987) (Alleged fraud occurred while defendant was a stranger to the trust). In *Sommers* the court identified two principal factors to be considered in determining "whether a state law of general application affects employee benefit plans in too tenuous, remote, or peripheral a manner to be preempted.... First, if the state law involves an exercise of traditional state authority, then the courts are less likely to find that it relates to a benefit plan than if it involves a state attempt to regulate an area not traditionally left to the states." *Sommers*, 793 F.2d at 1467. "Second, the courts are more likely to find that a state law relates to a benefit plan if it affects relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries—than if it affects relations between one of these entities and an outside party, or between two outside parties with only an incidental effect on the plan." *Id.*

The court in *Sommers* focused on the second inquiry and noted that at first glance the state common law of corporate fiduciary duty appeared to affect relations among the principal ERISA entities. *Id.* at 1468. The court concluded, however, that this superficial analysis was misleading. It was noted that:

> The state common law of fiduciary duty that the Trust seeks to invoke in this case centers upon the relation between corporate director and shareholder. The director's duty arises from his status as

director; the law imposes the duty upon him in that capacity only. Similarly, the shareholder's rights against the corporate director arise solely from his status as shareholder. That in a case such as ours the director happens also to be a plan fiduciary and the shareholder a benefit plan has nothing to do with the duty owed by the director to the shareholder. The state law and ERISA duties are parallel but independent: as director, the individual owes a duty, defined by state law, to the corporation's shareholders, including the plan; as fiduciary, the individual owes a duty, defined by ERISA, to the plan and its beneficiaries. Thus, the state law does not affect relations between the ERISA fiduciary and the plan or plan beneficiaries as such; it affects them in their separate capacities as corporate director and shareholder.

*Id.* at 1468. *See also Donovan v. Bierwirth,* 680 F.2d 263, 272 n. 8 (2d Cir.1982), *cert. denied,* 459 U.S. 1069, 103 S.Ct. 488, 74 L.Ed.2d 631 (1982).

Thus, the *Sommers* court concluded the state law imposed a duty on all corporate directors, whether or not they are plan fiduciaries, and was premised on the parties' independent capacities as corporate directors and shareholders. *Sommers,* 793 F.2d at 1470. Such is the situation here. The state common law duty plaintiffs seek to invoke stems from the relationship between corporate director and shareholder. The duties are independent and arise from two separate relationships that exist between the parties.

■ Next, defendants contend that punitive damages are not available in ERISA actions under 29 U.S.C. § 1132(a)(2). Defendants state that in *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), the Supreme Court held that extracontractual and punitive damages are not available to a participant or beneficiary under Section 1132(a)(2). In addition defendants rely on *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208 (8th Cir.1981), *cert. denied,* 454 U.S. 1084, 102 S.Ct. 641, 70 L.Ed.2d 619 (1981).

In *Massachusetts Mut. Life Ins. Co. v. Russell,* the court was asked to determine whether under ERISA "a fiduciary to an employee benefit plan may be held personally liable to a plan participant or beneficiary for extracontractual compensatory or punitive damages caused by improper or untimely processing of benefit claims." *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 136, 105 S.Ct. 3085, 3087, 87 L.Ed.2d 96 (1985). The court first concluded that any recovery under § 1109 enured to the benefit of the plan and not to individual beneficiaries. *Id.* at 142, 105 S.Ct. at 3090. In so doing the court stated "we do not find in § 409 [1109] express authority for an award of extracontractual damages to a beneficiary." *Id.* at 144, 105 S.Ct. at 3091. The court refused to imply a private right of action for extracontractual damages under ERISA. *Id.* at 144, 105 S.Ct. at 3091. The court next refused to imply a private right of action for extracontractual damages under ERISA. *Id.* at 145, 105 S.Ct. at 3091. As the concurring opinion points out the court was faced with a "single, narrow question: whether the § 409 [29 U.S.C. § 1109] 'appropriate relief' referred to in § 502(a)(2) [29 U.S.C. § 1132(a)(2)] includes individual recovery by a participant or beneficiary of extracontractual damages for breach of fiduciary duty." *Id.* at 149, 105 S.Ct. at 3094. This did not resolve the availability of such damages under other ERISA provisions, i.e. 29 U.S.C. § 1132(a)(3).

Plaintiffs have apparently misinterpreted the Supreme Court's decision. The Court did leave open the question of the availability of punitive damages under § 1132(a)(3) but not under § 1132(a)(2). Plaintiff cites *James A. Dooley Assoc. Emp. Ret. Plan v. Reynolds,* 654 F.Supp. 457, 460–61 (E.D. Mo.1987), which deals with the availability of punitive damages under § 1132(a)(3). In *Schoenholtz v. Doniger,* 657 F.Supp. 899 (S.D.N.Y.1987) cited by plaintiff, the court was asked to decide whether § 409 authorized the plan's recovery of punitive damages from a fiduciary. As previously noted, *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87

L.Ed.2d 96 (1985) held that individual beneficiaries cannot recover punitive damages under § 409(a).

The remaining cases cited by plaintiffs need not be specifically addressed. Plaintiffs have stated their claim is principally under 29 U.S.C. § 1132(a)(2). Punitive damages are not available to individual beneficiaries under this subsection. Although it does not appear plaintiffs are proceeding under § 1132(a)(3), the court is persuaded that punitive damages are not available under this approach. First, although the Court of Appeals for the Eighth Circuit has declined to decide whether punitive damages may ever be recovered in an ERISA action. *Hollenbeck v. Falstaff Brewing Corp.*, 780 F.2d 20, 21 (8th Cir. 1985), there is support for the proposition punitive damages would not be allowed in this circuit. *See Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1216 (8th Cir.1981), *cert. denied*, 454 U.S. 1084, 102 S.Ct. 641, 70 L.Ed.2d 619 (1981). Second, some additional support for this proposition can be found in the *Russell* opinion. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). Finally, the court finds the analysis in *Sommers Drug Stores v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1462–1465 (5th Cir.1986) to be persuasive. In *Sommers* the court after reviewing both the legislative history of ERISA and the law of trusts generally concluded punitive damages were not available to the plan under § 1132(a)(2) and were not available under § 1132(a)(3). *See also Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821 (1st Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988); *Varhola v. Doe*, 820 F.2d 809 (6th Cir.1987); *Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618 (7th Cir.1987); *Sokol v. Bernstein*, 803 F.2d 532 (9th Cir.1986); *Powell v. Chesapeake & Potomac Tel. Co.*, 780 F.2d 419 (4th Cir.1985), *cert. denied*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986). Thus, the court is convinced punitive damages are not available to plaintiffs under the provisions of ERISA.

A separate order in accordance herewith will be concurrently entered.

### ORDER

On this 8th day of March, 1989, upon consideration of the motion of separate defendants, Gene Cypert and Marcus Walden, for partial summary judgment, the court finds for the reasons set forth in a memorandum opinion of even date as follows:

1. The plaintiffs pendent state law claims are not preempted by ERISA because the claims stem from a separate duty arising from the defendants' positions as officers and directors of the corporation itself; and

2. Punitive damages are not available under ERISA.

IT IS SO ORDERED.