743 F.2d 1337
 35 Fair Empl.Prac.Cas. 1650,
36 Fair Empl.Prac.Cas. 1595,
35 Empl. Prac. Dec. P 34,692,
5 Employee Benefits Ca 2089
Richard M. LANE, Paul Miller, Joseph Aparicio, San Heil,
Bill E. Perry, J.W. Wood, Syd Carnine, Peter E. Johnson,
John L. Meek, and Roy Silver, As Trustees of the Carpenters
Joint Apprenticeship and Training Committee Fund For
Southern California, Plaintiffs-Appellants,
v.
Osias GOREN, John A. Martin, Jr., Dale Minami, C.L. Dellums,
Elsa Saxod, Virginia Sanchez, and Susan Weiner, as Members
of the Fair Employment and Housing Commission of the State
of California, Defendants-Appellees.
 No. 83-6496.
 United States Court of Appeals,
Ninth Circuit.
 Argued and submitted June 8, 1984.
Decided Sept. 27, 1984.
As Amended Dec. 12, 1984.
 
 James P. Watson, Cox, Castle & Nicholson, Los Angeles, Cal., for plaintiffs-appellants.
 Marian M. Johnston, Deputy Atty. Gen., San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before CHOY and SKOPIL, Circuit Judges, and PRICE,* District Judge.
 SKOPIL, Circuit Judge:
 
 
 1
 The district court held that California statutes prohibiting employment discrimination are applicable to the relationship between a pension trust fund and the trust's own employees. We affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 2
 Richard Lane, et al., ("Trustees") are trustees of the Carpenters Joint Apprenticeship and Training Committee Fund for Southern California ("CJATC"). The CJATC administers an employee welfare benefit plan which is funded by pension contributions made by employers of union carpenters. According to the trust agreement, some of the contributions made to the CJATC are utilized to fund a program for training carpentry apprentices and retraining journeyman carpenters. The CJATC is an employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1001 et seq.
 
 
 3
 Osias Goren, et al., are members of the Fair Employment and Housing Commission ("FEHC") of the State of California. The FEHC operates in conjunction with the Department of Fair Employment and Housing of the State of California ("DFEH"), a state agency. The DFEH is authorized to investigate and attempt to conciliate charges of racial, religious, sexual, or age discrimination prohibited by the provisions of Cal.Gov.Code Secs. 12940 and 12941, lodged by individuals against their employers. See generally, Cal.Gov.Code Sec. 12960 et seq.
 
 
 4
 The DFEH is also authorized to file written accusations with the FEHC against employers it believes have engaged in discriminatory employment practices. Cal.Gov.Code Sec. 12965. The FEHC may, pursuant to Cal.Gov.Code Sec. 12969 et seq., conduct hearings with regard to charges of unlawful employment discrimination filed by the DFEH against employers. The FEHC may also issue written factual findings and enter orders requiring employers to take corrective action to eliminate discriminatory practices and to award monetary relief to employees. Id.
 
 
 5
 John Headley, a 68 year-old black male, was employed by the CJATC as an apprentice coordinator. Following his discharge in 1980, Headley filed a charge of employment discrimination, based upon race and age, with the DFEH. The DFEH subsequently issued an accusation against the CJATC based on Headley's charges, and an administrative hearing was conducted by the FEHC. The FEHC ruled in Headley's favor and on August 8, 1983 ordered injunctive and monetary relief.
 
 
 6
 The Trustees then filed this action for declaratory and injunctive relief pursuant to section 502 of ERISA, 29 U.S.C. Sec. 1132, alleging that the Commission lacked jurisdiction to regulate discriminatory employment practices of the CJATC because California's Fair Employment and Housing Act is pre-empted by section 514(a) of ERISA, 29 U.S.C. Sec. 1144(a). Goren and the other FEHC members moved to dismiss. The district court treated the motion as one for summary judgment. It held that the FEHC had jurisdiction to regulate discriminatory employment practices of the CJATC, and that such jurisdiction was not pre-empted by ERISA.
 
 
 7
 The Trustees appealed.
 
 DISCUSSION
 
 8
 A. Standard of Review.
 
 
 9
 A grant of summary judgment is reviewed de novo. Lojek v. Thomas, 716 F.2d 675, 677 (9th Cir.1983). Because there are no contested issues of fact, the panel need only decide whether the substantive law was correctly applied. Amaro v. Continental Can Co., 724 F.2d 747, 749 (9th Cir.1984).
 
 
 10
 B. Merits.
 
 
 11
 Section 514(a) of ERISA provides: "Except as provided in subsection (b) of this section, the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." Although the preemptive effect of ERISA is broad, it is not all-encompassing. For example, section 514(a) goes on to shield from preemption "any law of any state which regulates insurance, banking, or securities." 29 U.S.C. Sec. 1144(b)(2)(A). In addition, section 1144(b)(4) states that the preemption provision "shall not apply to any generally applicable criminal law of a State." Congress further limited the preemptive effect of ERISA in the definitional section, 29 U.S.C. Sec. 1144(c)(2), wherein it is established that the term "State" for preemption purposes includes a state or its political subdivisions or agencies of either, "which purports to regulate, directly or indirectly, the terms and conditions of employee benefits plans covered by this subchapter."
 
 
 12
 The plain language of the statute establishes at least three conditions which must be met before a court may find a state statute is superseded. First, the state law must "relate to" an employee benefit plan. Second, the state law is not preempted if it regulates insurance, banking, or securities, or is a generally applicable criminal law. Third, the state statute must attempt to reach in one way or another the "terms and conditions of employee benefit plans." 29 U.S.C. Sec. 1144(c)(2). We find that neither the first nor the third parts of this test are satisfied in this case.
 
 
 13
 The Supreme Court recently held in Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983) that a law " 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."
 
 
 14
 The question presented in Shaw was whether ERISA preempted a New York statute which prohibited discrimination based on pregnancy in the distribution of pension and welfare benefits by an ERISA-regulated fund at a time when federal law did not prohibit pregnancy based discrimination:
 
 
 15
 We have no difficulty in concluding that the Human Rights law ... 'relate[s] to' employee benefit plans.... A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. Employing this definition, the Human Rights law, which prohibits employers from structuring their employee benefit plans in a manner that discriminates on the basis of pregnancy ... clearly 'relate[s] to' benefit plans.
 
 
 16
 Shaw, 103 S.Ct. at 2900. But in a footnote, the Court continued "of course, Sec. 514(a) pre-empts state laws only insofar as they relate to plans covered by ERISA. The Human Rights Law, for example, would be unaffected insofar as it prohibits employment discrimination in hiring, promotion, salary, and the like." Id. at n. 17 (emphasis added).
 
 
 17
 The California statutes in question are precisely the California counterparts of the portions of the New York statute which the Court said are not preempted. Id. The actions of the FEHC apply only to the CJATC in its capacity as an employer, and in a way that all other employers are affected. It simply cannot be said that state law which prohibits dismissal of an employee because of race "relate[s] to," "has a connection with" or "reference to" an employee benefit plan under these circumstances.
 
 
 18
 We find, in addition, that the state statutes in no way regulate the "terms and conditions" of an ERISA plan. We reach this conclusion without giving the phrase "terms and conditions" a narrow interpretation. ERISA imposes participation, funding, and vesting requirements on pension plans. Secs. 201-306, 29 U.S.C. Secs. 1051-86; see Shaw, 103 S.Ct. at 2896. It also sets various uniform standards, including rules concerning reporting, disclosure, and fiduciary responsibility for both pension and welfare plans. Secs. 101-111, 401-414, 29 U.S.C. Secs. 1021-31, 1101-14; see Shaw, 103 S.Ct. 2897. ERISA also provides for the fair and proper handling and disposition of benefit claims. Russell v. Massachusetts Mutual Life Insurance Co., 722 F.2d 482, 488 (9th Cir.1983). For purposes of this case we assume that the phrase "terms and conditions" of benefit plans encompasses all these areas. The California statutes in question in no way purport to reach any of them. They merely prohibit employers from discriminating against employees on the basis of age, race, sex, or religion.
 
 
 19
 The Trustees argue that imposition of California law will affect the benefit plan by increasing the CJATC's costs of doing business. That argument does not withstand scrutiny. So too, for example, do state laws and municipal ordinances regulating zoning, health, and safety increase the operational costs of ERISA trusts, but no one could seriously argue that they are preempted. "Some state actions may affect employee benefits plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' a plan." Shaw, 103 S.Ct. at 2901 n. 21.
 
 
 20
 The other cases cited by the Trustees are distinguishable in the same way that Shaw is distinguishable. Each involves a state law which, much more directly than here, "relates to" the ERISA trust within the meaning of section 514(a). For example, in Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981), a group of retirees brought action claiming that state law prohibiting workers' compensation benefits from being used to offset pension benefits was being violated by their former employers. The Supreme Court held that "[w]hatever the purpose or purposes of the New Jersey statute, we conclude that it 'relate[s] to pension plans' governed by ERISA because it eliminates one method for calculating pension benefits ... that is permitted by [ERISA]." Alessi, 451 U.S. at 524, 101 S.Ct. at 1907. The New Jersey statute was directed at or affected the internal operations of the trust as a trust; the California statute in question in this case only affects the CJATC in its role as an employer, and in a way that all other employers are affected.
 
 
 21
 Nor do the most recent cases from this court help the Trustees. In Champion International Corp. v. Brown, 731 F.2d 1406 (9th Cir.1984), a retiree challenged a portion of an ERISA trust plan which he claimed discriminated on the basis of age in the calculation of benefits in violation of Montana law. The trust plan, which was in compliance with ERISA and ERISA regulations, provided no credit in benefit computations for the time a person works after he or she reaches age 65. This court held that "Montana's age discrimination law is preempted to the extent it conflicts with ERISA-authorized provisions of [the] pension plan." Id. at 1408. The California statutes at issue here do not conflict with, or even affect, any term or provision of an ERISA-authorized plan. In Russell v. Massachusetts Mutual Life Insurance Co., 722 F.2d 482 (9th Cir.1983), a discharged employee brought action in California courts to recover damages allegedly resulting from termination of employment and improper processing of claim for employee disability benefits. The former employer removed to federal court, where the employer prevailed, in part on the ground that ERISA preempted state law claims which relate to a benefit plan. This court held that ERISA preempted state law causes of action based on the processing of a disability claim under an ERISA regulated plan: "Since the state laws here involved authorize state causes of action for the improper handling of claims under benefit plans, there is a direct connection between the state laws and the employment benefit plan." Id. at 487. The court reversed, however, because it found that the complainant had a cause of action under ERISA. In contrast, the state statutes at issue here have no counterpart coverage by ERISA, and there is no "direct connection" between the state statutes and the plan itself.
 
 CONCLUSION
 
 22
 Cal.Gov.Code Secs. 12940(a) and 12941 do not "relate to" ERISA benefit plans, nor do they purport to regulate the "terms and conditions" of benefit plans.
 
 
 23
 The district court is AFFIRMED.
 
 
 
 *
 The Honorable Edward Dean Price, United States District Judge for the Eastern District of California, sitting by designation