793 F.2d 220
 Fed. Sec. L. Rep. P 92,820, 7 Employee Benefits Ca 1673
INVESTMENT COMPANY INSTITUTE, Plaintiff-Appellee,
v.
Robert L. CLARKE,* as Comptroller of the
Currency; the Office of the Comptroller of the
Currency, an agency of the United
States; and the United States
of America,
Defendants-
Appellants,
and
Wells Fargo Bank, N.A.; and the Bank of California, N.A.,
Defendants-Intervenors/Appellants.
 Nos. 84-2622, 84-2623.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 12, 1985.
Decided June 30, 1986.
 
 Harvey L. Pitt, Henry A. Hubschman, David M. Miles, Fried, Frank, Harris, Shriver & Jacobson, Washington, D.C., David J. Romanski, Steinhart & Falconer, San Francisco, Cal., for plaintiff-appellee.
 Brobeck, Phleger & Harrison, William F. Sullivan, San Francisco, Cal., for Wells Fargo Bank, et al.
 Richard K. Willard, Acting Asst. Atty. Gen., Richard V. Fitzgerald, Chief Counsel, Eugene M. Katz, L. Robert Griffin, Washington, D.C., for Clarke, et al.
 Appeal from the United States District Court for the Northern District of California.
 Before NORRIS and REINHARDT, Circuit Judges, and COUGHENOUR,** District Judge.
 REINHARDT, Circuit Judge:
 
 
 1
 The Comptroller of the Currency, Wells Fargo Bank, and the Bank of California appeal from the district court's grant of summary judgment in favor of the Investment Company Institute. The district court ruled that the operation by the two banks of common funds consisting of commingled individual retirement accounts violated the Glass-Steagall Act, 48 Stat. 162, as amended, and that the Comptroller could not properly authorize the operation of such funds. See Investment Company Institute v. Conover, 593 F.Supp. 846 (N.D.Cal.1984).[1]
 
 
 2
 Two circuit courts have ruled that the operation of such commingled funds does not violate Glass-Steagall and that the Comptroller could properly authorize their operation. See Investment Company Institute v. Conover, 790 F.2d 925 (D.C.Cir.1986); Investment Company Institute v. Clarke, 789 F.2d 175 (2d Cir.1986) (per curiam). While the Second Circuit's opinion consisted of only a summary affirmance of the district court, the District of Columbia Circuit engaged in an extensive analysis, applying the principle recently restated in Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), that interpretations of statutes by the agency charged with administering them may not be overturned unless they are unreasonable. The court found that the Comptroller's interpretation of Glass-Steagall was not unreasonable and thus that his authorization of the commingling of individual retirement accounts was proper. See Investment Company Institute v. Conover, 790 F.2d at 931-38.
 
 
 3
 The Supreme Court has specifically held that "[t]he Comptroller of the Currency is charged with the enforcement of the banking laws to an extent that warrants" judicial deference to his interpretations of Glass-Steagall unless they are unreasonable. Investment Company Institute v. Camp, 401 U.S. 617, 626-27, 91 S.Ct. 1091, 1097, 28 L.Ed.2d 367 (1971). In Camp the Court reversed the Comptroller, saying that he had not offered a reasoned explanation for his conclusion. Such is not the case here, however. In his decisions authorizing Wells Fargo Bank and the Bank of California to operate their commingled funds, the Comptroller applied the mode of analysis that Camp held to be appropriate for determining whether Glass-Steagall has been violated.
 
 
 4
 The district court found the Comptroller's decisions to be "somewhat conclusory" and to "simply disagree with congressional determinations enumerated in Camp." 593 F.Supp. at 856. It is easy to understand the district court's view. The Comptroller's analysis appears to be superficial, and in some respects to come perilously close to disregarding the spirit of Camp while purporting to adhere to its letter. It also comes perilously close to rejecting the division between commercial banking and investment banking that Congress sought to mandate in Glass-Stegall. Nevertheless, in the end, the Comptroller did apply, however inadequately, the Camp test.
 
 
 5
 In the case before us, the issue the Comptroller was required to decide essentially involved questions of expert judgment regarding the practical operation of the banking industry and the results that might be anticipated if particular business practices were instituted. Congress has delegated responsibility for such business judgments to the Comptroller. Whether he performs his task wisely or well is not for us to decide. Moreover, the practice the Comptroller approved is not prohibited by the plain words of the statute, and in most part, he has not relied on arguments that are inconsistent with or different from those set forth in his decision. Compare Securities Industry Association v. Board of Governors, 468 U.S. 137, 104 S.Ct. 2979, 82 L.Ed.2d 107 (1984). While the question is a close one, and certainly not free from doubt, we conclude ultimately, on balance, that we cannot say that the analysis and conclusions set forth in the Comptroller's decisions are unreasonable.
 
 
 6
 For the above reasons, we join with the Second and District of Columbia Circuits and hold that Wells Fargo and the Bank of California may lawfully commingle individual retirement accounts in the manner authorized by the Comptroller.[2] The district court's decision is reversed.
 
 
 7
 REVERSED.
 
 NORRIS, Circuit Judge, concurring specially:
 
 8
 I write separately only to make it clear that I believe the Comptroller's decision allowing banks to operate common funds for Individual Retirement Accounts is consistent with both the Glass-Steagall Act and Investment Company Institute v. Camp, 401 U.S. 617, 91 S.Ct. 1091, 28 L.Ed.2d 367 (1971). Thus, I do not share Judge Reinhardt's expressed reluctance to join the D.C. Circuit and the Second Circuit in upholding the Comptroller's decision.
 
 COUGHENOUR, District Judge, dissenting:
 
 9
 I must respectfully dissent for the reasons stated in the district court's excellent opinion. See Investment Company Institute v. Conover, 593 F.Supp. 846 (N.D.Cal.1984).
 
 
 
 *
 Comptroller of the Currency Robert L. Clarke has been substituted for his predecessor C.T. Conover, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 Honorable John C. Coughenour, United States District Judge for the Western District of Washington, sitting by designation
 
 
 [1]
 We review the grant of summary judgment de novo, Lojek v. Thomas, 716 F.2d 675, 677 (9th Cir.1983); because there are no contested issues of fact, we need decide only whether the district court correctly applied the substantive law, Lane v. Goren, 743 F.2d 1337, 1339 (9th Cir.1984)
 
 
 [2]
 We also agree with the District of Columbia Circuit that the Employee Retirement Income Security Act of 1974 (ERISA) and its legislative history are not relevant in the decision before us. See Investment Company v. Conover, 790 F.2d at 932-33. Like the District of Columbia Circuit, we base our decision entirely on the portion of the Comptroller's ruling that relates directly to Glass-Steagall