In re Waldron Keith SEOLAS, Debtor.

Waldron Keith SEOLAS,
Plaintiff/Appellant,

K & S Company, Dr. Rudolph Kimmich, and Dr. Wayne E. Smith, Plaintiffs–Intervenors,

v.

LH RESEARCH, INC. PROFIT SHARING PLAN and Lee, Selin, Grimes, Inc. Money Purchase Pension Plan, Defendants/Appellees.

No. Civ. S–91–473 LKK.
Bankruptcy No. 287–02801–C–11.
Adv. No. 290–0163.

United States District Court,
E.D. California.

April 30, 1992.

Deborah Jean Frick, Donald W. Fitzgerald, George C. Hollister, Kronick, Moskovitz, Tiedemann & Girard, Sacramento, Cal., for debtor, plaintiff/appellant.

Mark Gorton, McDonough, Holland & Allen, Sacramento, Cal., for plaintiffs-intervenors Dr. Rudolph Kimmich, Dr. Wayne E. Smith and K & S Co.

Raymond E. Shine, Shine, Brown & Diamond, Grass Valley, Cal., for plaintiffs-intervenors Dr. Kimmich and Dr. Smith (not K & S Co.).

David Rosenberg, Michael S. McManus, Diepenbrock, Wulff, Plant & Hannegan, Sacramento, Cal., for defendants/appellees.

## ORDER

KARLTON, Chief Judge Emeritus.

This matter is before the court on the debtor's appeal from the bankruptcy court's grant of summary judgment in favor of his creditor. That court found that a deed of trust executed by the debtor in favor of the creditor was supported by adequate consideration, and that appellees, because they were employee benefit plans governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), were exempt from California's usury law.

I will dispose of this appeal with two orders. In the first unpublished opinion, the bankruptcy court is AFFIRMED on the issue of consideration. In this opinion, which will be published,[1] the court, addressing an issue of apparent first impression,[2] determines the preemptive effect of

---

**1.** I have previously explained my reasons for limiting publication in this fashion where cases present multiple issues, only one of which appears to justify printer's ink. *See Kouba v. Allstate Insur. Co.,* 523 F.Supp. 148, 151 n. 2 (E.D.Cal.1981).

**2.** The terms of California's usury law were referred to in the course of resolving a factual dispute in *Donovan v. Mazzola,* 716 F.2d 1226 (9th Cir.1983), *cert. denied,* 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984). The issue in *Donovan* related to the adequacy of interest charged on loans to plan trustees. *See* § IVC, *infra.* A government witness testified as to the prevailing interest rates, and in doing so, took into consideration the state's usury law. The court, however, did not address whether California's usury law actually applied to loans made by ERISA plans.

ERISA on California's usury laws. As to that issue, the judgment of the bankruptcy court is REVERSED and the matter is REMANDED to that court for its further consideration in light of this court's opinion.

# I

## FACTS

For purposes of this portion of the opinion, a significantly over-simplified statement of the complex facts underlying this appeal will suffice. Appellee LH Research,[3] an ERISA-governed employee benefit plan, held a deed of trust on what is known as the Catherine Lane property. Appellant Seolas gave a deed on his home on Slate Creek Road to LH Research in order to induce LH Research to subordinate its loan on the Catherine Lane property to a pending loan from Gibraltar Savings. Soon thereafter, Gibraltar foreclosed on the Catherine Lane property. The property was sold and the amount did not cover LH Research's $200,000 note.

LH Research filed suit in Nevada County Superior Court on the underlying obligation, or in the alternative, to foreclose on the Slate Creek Road deed of trust. Seolas filed for bankruptcy. Pursuant to the automatic stay, the superior court proceedings were suspended. The parties filed cross-motions for summary judgment in the bankruptcy proceedings. After a hearing, the bankruptcy court granted LH Research's motion and denied Seolas' motion. As pertinent to this order, it found LH Research was exempt from California's usury law because California specifically exempts ERISA plans. This appeal followed.

# II

## ISSUES ON APPEAL

Two issues pertinent to this portion of the opinion are raised on appeal:

1. Does ERISA preempt the California statute which exempts loans made by ERISA plans from the constraints otherwise mandated by the state's usury law?

2. Does ERISA preempt California's general usury law?

# III

## STANDARDS OF REVIEW

A. *District Court Review of a Bankruptcy Court's Grant of Summary Judgment*

Upon appeal, a district court is to conduct a de novo review of a bankruptcy court's conclusions of law, including its grant of summary judgment. *In re United Energy Corp.*, 944 F.2d 589, 593 (9th Cir. 1991). When reviewing a grant of summary judgment the district court, viewing the evidence in the light most favorable to the party opposing summary judgment, must determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Id.; In re Black & White Cattle Co.*, 783 F.2d 1454, 1457 (9th Cir. 1986); *In re New England Fish Co.*, 749 F.2d 1277, 1280 (9th Cir.1984).

B. *Governing Law*

Preemption is a function of the supremacy clause of the United States Constitution art. VI, cl. 2. Because ERISA contains "an explicit congressional statement about the pre-emptive effect of its action," *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 522, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981), the effect of the statute on state law is a matter of construction of the federal statute. *Id.*

# IV

## ERISA PREEMPTION

Seolas argued below that the interest rate LH Research charged on its loan was usurious. The bankruptcy court found the argument unavailing since it determined

---

**3.** "LH Research" refers to both LH Research, Inc. Profit Sharing Plan and Lee, Selin, Grimes, Inc. Money Purchase Pension Plan.

that California's law does not apply to plans governed by ERISA. ERISA's effect on two provisions of California law must be considered in connection with this appeal, California Constitution art. XV, § 1, which defines usury rates, and California Civil Code § 1917.220, which specifically exempts ERISA pension plans from the reach of the constitutional provision.[4] Since neither party disputes that LH Research qualifies as an ERISA plan, the question reduces to a legal one, i.e., the preemptive effect of ERISA on these provisions.

### A. *General Principles of ERISA Preemption*

ERISA preempts all state laws that "relate to" an employee benefit plan. 29 U.S.C. § 1144(a). As I have previously explained, "[t]he first step of any district court in resolving a matter turning on statutory construction is to determine if there is binding authority construing the statute." *Tello v. McMahon,* 677 F.Supp. 1436, 1441 (E.D.Cal.1988). The meaning of the term "relate to" has been considered on a number of occasions by both the Supreme Court and the Ninth Circuit. The Supreme Court has defined "relate to" to mean a "connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). Accordingly, state laws "specifically designed to affect employee benefit plans" clearly relate to such plans, and are thus preempted. *Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 829, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988). ERISA, however, does not preempt state laws that affect employee benefit plans in a "tenuous, remote, or peripheral" manner. *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21.

■ A bright line test does not exist for distinguishing between state laws that "relate to" an employee benefit plan and those that affect plans in a "tenuous, remote or peripheral" manner. Martin Wald & David

E. Kenty, *ERISA: A Comprehensive Guide* 253 (1991). Certain factors usually relevant to preemption analysis, however, have been held not to bear on the preemptive effect of ERISA. First, "it is not necessary to identify a specific ERISA provision that conflicts with a challenged state law" in order to find preemption. *Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Const. Co.,* 846 F.2d 1213, 1220 (9th Cir.1988), *aff'd,* 488 U.S. 881, 109 S.Ct. 210, 102 L.Ed.2d 202 (1988). Moreover, a state law can "relate to" an employee benefit plan, and therefore be preempted, even though the state law affects ERISA plans indirectly, *Alessi,* 451 U.S. at 525, 101 S.Ct. at 1907, is consistent with ERISA, *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985), and was enacted to further ERISA's purposes, *Mackey,* 486 U.S. at 829, 108 S.Ct. at 2185.

Congress' purpose in enacting ERISA is the "ultimate touchstone" in deciding ERISA preemption questions. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). Congress enacted ERISA to protect employees' anticipated benefits, 29 U.S.C. § 1001 (enunciating congressional findings and declaration of policy), and to this end, Congress also intended to prevent mismanagement of funds. *Id.; Martori Bros. Distrib. v. James–Massengale,* 781 F.2d 1349, 1359 (9th Cir.1986), *amended,* 791 F.2d 799 (9th Cir.1986), *cert. denied,* 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 385 (1986). ERISA's preemption clause was enacted to protect employee benefit plans from conflicting and inconsistent state laws because such laws may hinder a plan's ability to uniformly administer benefits. *Fort Halifax Packing Co., Inc. v. Coyne,* 482 U.S. 1, 8–9, 107 S.Ct. 2211, 2215–16, 96 L.Ed.2d 1 (1987).

State laws that the Supreme Court has found preempted by ERISA usually affect plan benefits in some manner. *See FMC*

---

**4.** Under art. XV, the legislature may exempt particular loans or lenders from the provision's

reach.

*Corp. v. Holliday,* 498 U.S. ——, —— ——, 111 S.Ct. 403, 408–09, 112 L.Ed.2d 356, 365–66 (1990) (state law affected benefit administration and benefit levels); *Pilot Life,* 481 U.S. at 47, 107 S.Ct. at 1552 (state law addressed enforcement of promised benefits); *Metropolitan Life Ins. Co.,* 471 U.S. at 739, 105 S.Ct. at 2388 (state law mandated mental health benefits); *Shaw,* 463 U.S. at 89–90, 103 S.Ct. at 2896 (state law imposed benefit requirements); *Alessi,* 451 U.S. at 507, 101 S.Ct. at 1898 (state law affected calculation of benefits). The Ninth Circuit has identified four categories of state law that are preempted by ERISA. *Dytrt v. Mountain State Tel. & Tel. Co.,* 921 F.2d 889, 897 (9th Cir.1990) (citing *Martori Bros. Distrib.,* 781 F.2d at 1357). The Circuit explained that ERISA preempts laws that (1) regulate benefit types or terms, (2) provide rules for benefit calculation, (3) provide remedies for misconduct in administering the plan, or (4) create reporting, disclosure, funding, or vesting requirements. *Id.*[5]

■ The Supreme Court has instructed that there is a presumption "that Congress did not intend to preempt areas of traditional state regulation." *Metropolitan Life,* 471 U.S. at 740, 105 S.Ct. at 2389. The Circuit has explained, however, that this presumption is rebuttable and arises only when the court is uncertain that the challenged law relates to an ERISA plan. *Local Union 598,* 846 F.2d at 1220. In any event, caution should be exercised before finding that ERISA preempts general state laws, i.e., laws not specifically directed at benefit plans, or state laws that incidental-ly impact plans. *See Lane v. Goren,* 743 F.2d 1337, 1340 (9th Cir.1984) (finding state law that regulates plan as an employer in same manner as all other employers, does not "relate to" a plan). Thus state laws that regulate zoning, health, and safety increase the operational costs of ERISA plans, but do not specifically refer to an ERISA plan are not preempted. *Id.*

With the general principles enunciated above in mind, I turn to an examination of the specific usury provisions in issue.

### B. *California Civil Code § 1917.220*

■ California Civil Code § 1917.220 applies only to ERISA-governed pension plans, exempting them from California's usury law.[6] Plainly, the statute was specifically designed to affect such plans. As noted above, whether the California Legislature intended the law to further ERISA purposes, or whether the law does further ERISA's purposes, is irrelevant. Given its direct application only to ERISA plans, the statute is clearly preempted.

The issue here is much like that considered in *Mackey,* 486 U.S. 825, 108 S.Ct. 2182. There, Georgia specifically exempted ERISA plans from its general garnishment statute.[7] The Court unanimously found the statute preempted. Like Georgia's anti-garnishment statute, the sole purpose of California Civil Code § 1917.220 is to exempt ERISA plans from a particular state law. Under *Mackey,* such statutes cannot stand. Accordingly, I must conclude that ERISA preempts Cal.Civ.Code § 1917.220.[8]

---

**5.** Because these categories represent state laws which the courts have examined in light of ERISA's preemption provision, it cannot be said with certainty that they exhaust all possible categories.

**6.** "[T]he restrictions upon rates of interest contained in Section 1 of Article XV of the California Constitution shall not apply to any obligation of, loan made by, or forbearance of, any pension fund or retirement system which is subject to the Employee Retirement Income Security Act of 1974." Cal.Civ.Code § 1917.220.

**7.** "Funds or benefits of a pension, retirement, or employee benefit plan or program subject to the provisions of the federal Employee Retirement Income Security Act of 1974, as amended, shall not be subject to the process of garnishment...." *Mackey,* 486 U.S. at 828 n. 2, 108 S.Ct. at 2184 n. 2 (quoting Ga.Code Ann. § 18–4–22.1 (1982)).

**8.** Under conventional analysis, preemption of state laws which specifically exempt ERISA plans from state regulation appears quite odd; that oddity is compounded when considered in light of the purpose of preemption, which is to insure that within the scope of preemption, ERISA plans are subject to a nationally uniform law. Indeed, given this court's analysis of the application of California's general usury law,

## C. *California Constitution Article XV, § 1*

 The California constitutional provision at issue defines usurious interest rates.[9] All lenders of money, unless specifically exempted, are subject to this rate ceiling. Given the broad preemptive effect of the federal statute, the applicability of this provision to ERISA plans is a very close question. Nonetheless, for the reasons I explain below, I conclude that ERISA does not preempt California's usury law thereby preventing its application to loans made by employee benefit plans.

I begin by noting the remarkable paucity of authority on the relationship of ERISA and usury laws. Both parties attempt to analogize California's usury provisions to particular statutes previously considered by the Supreme Court. Seolas argues that ERISA does not preempt California's usury law because it is similar to Georgia's general garnishment statute which was held not to be preempted in *Mackey*, 486 U.S. 825, 108 S.Ct. 2182. LH Research, on the other hand, argues California's law is analogous to Pennsylvania's anti-subrogation law found preempted in *FMC Corp.*, 498 U.S. ——, 111 S.Ct. 403, 112 L.Ed.2d 356. Neither case is dispositive.

In *Mackey*, the Supreme Court faced the issue of preemption in the context of an ERISA provision which explicitly prohibits garnishment of pension benefits but was silent on garnishment of employee welfare benefits. The Court found this configuration significant in concluding that the states were free to regulate garnishment of the latter benefits.

It is true, as Seolas notes, that ERISA contains a specific provision that requires plans to charge a reasonable interest rate when loaning money to plan participants.

29 U.S.C. § 1108(b)(1). From this he argues, by way of analogy to *Mackey*, that because the Act addresses the issue of interest on loans to participants but is silent on the issue of interest on loans to third parties, Congress intended that state usury laws continue to regulate interest rates on third-party loans. While the argument is not without some force, it is hardly conclusive. As I now explain, ERISA's silence on third-party loans is a less than perfect analogy to the garnishment issue tendered in *Mackey*.

Only two types of ERISA employee benefit plans exist—pension plans and welfare plans. Since ERISA's entire purpose is to regulate employee benefit plans, i.e., pension plans and welfare plans, it is reasonable to assume that Congress had both kinds of plans in mind throughout ERISA's drafting. This assumption leads to the conclusion that Congress deliberately chose the term "pension plan," rather than "welfare plan" or "employee benefit plan," when it used that term. Such a conclusion, moreover, honors the plain meaning of the statute, a critical fact in any issue of statutory construction.

No such plain meaning analysis aids construction here. Moreover, unlike the two types of ERISA plans, various possible loans are not central to, and thus cannot be viewed as permeating the statutory scheme. While the terms of loans made to insiders may be viewed as a significant ERISA issue, since it bears on the integrity of the plans, such cannot be said for loans in general. Indeed, there is no reason to think that Congress viewed lending as a likely major mode of plan investment. Thus the presence of a provision addressing participant loans does not ineluctably imply lack of preemption as to other loans.

*infra*, preemption of California Civil Code section 1917.220 arguably frustrates congressional purpose. The same result and objection, however, was presented in *Mackey*, but did not alter the court's conclusion. Whatever my views, I am bound by the decisions of the high court.

**9.** "The rate of interest upon the loan or forbearance of any money, goods, or things in action ... shall be 7 percent per annum, but [the parties may contract as follows]: (1) [I]f the

money, goods, or things in action are for use primarily for personal, family, or household purposes, at a rate not exceeding 10 percent per annum ... or (2) For ... any money, goods, or things in action for any use other than [personal, family, or household], at a rate not exceeding the higher of (a) 10 percent per annum or (b) 5 percent per annum plus the rate prevailing on the 25th day of the month preceding ... established by the Federal Reserve Bank of San Francisco...." Cal. Const. art. XV, § 1.

Given this distinction, I do not find that congressional regulation of loans to participants coupled with silence relative to loans to third parties carries the same convincing force that the situation in *Mackey* did.[10]

Appellees' argument is even less convincing. In *FMC Corp.*, 498 U.S. at ——, 111 S.Ct. at ——, 112 L.Ed.2d at 369, the Supreme Court held that ERISA preempted Pennsylvania's anti-subrogation statute, which prohibited plans from requiring that beneficiaries reimburse them for expenses recovered from third parties under a negligence action. LH Research argues that California's usury law is similar to Pennsylvania's anti-subrogation law. Contrary to appellees' argument, the issue in *FMC Corp.* was not the effect of anti-subrogation laws upon plan assets. The Court premised its preemption finding on the law's effect on plan terms. Usury laws, however, unlike anti-subrogation laws, simply do not affect a plan's terms. As I explain below in detail, at most they incidentally affect one aspect of potential investment behavior. *FMC* does not require a decision that the usury provision is preempted. I conclude that neither *Mackey* nor *FMC* resolves the issue before this court. I now turn to an application of the general principles of ERISA preemption enunciated in section IVA, *supra*.

I noted in § IVA, *supra*, that the touchstone of the preemption decision is congressional intent. Appellees' argument ultimately rests on the notion that allowing plans to charge high interest rates allows them to maximize participants' benefits.[11] Congress, however, did not enact ERISA to maximize participants' benefits. As noted above, ERISA's purpose is to protect employees' promised benefits and to ensure a plan's financial soundness. California's usury law is wholly consonant with such a purpose. Indeed, contrary to the predicate of appellees' argument, several Supreme Court ERISA preemption decisions have resulted in beneficiaries receiving less than maximum benefits. *See Mackey*, 486 U.S. at 841, 108 S.Ct. at 2191 (allowing creditors to garnish participant's benefits); *Alessi*, 451 U.S. at 507, 101 S.Ct. at 1898 (allowing plans to reduce a participant's pension benefits by the amount of workers' compensation benefits the participant received). I thus do not find appellees' purpose argument convincing. As I now explain, a variety of reasons persuade this court that 29 U.S.C. § 1144(a) does not preempt art. XV, § 1 of the California Constitution.

Although I have noted the paucity of direct authority, previous decisions provide some aid in seeking the scope of ERISA preemption. In this connection, I note that the provision in question is not within any of the categories identified by the Ninth Circuit as being subject to ERISA preemption. Usury laws do not regulate benefit types or terms, affect benefit calculation, provide remedies for misconduct in administering the plan, or create reporting, disclosure, funding or vesting requirements. Put another way, California's constitutional provision simply does not seek to regulate employee benefit plans. It is a provision of general application dealing with all nonexempt lenders in a uniform manner. Not insignificantly, usury laws are a traditional subject of state regulation. *See Doyle v. Southern Guar. Corp.*, 795 F.2d 907, 914 (11th Cir.1986) (noting Congress' traditional deference to state authority over usury laws).

California's usury law does not affect LH Research as a plan because it does not affect either the benefits that LH Research may offer its participants, or the manner in which LH Research administers benefits.

---

**10.** The parties vigorously debate the effect of *McLaughlin v. Rowley*, 698 F.Supp. 1333 (N.D.Tex.1988). The matter at bar, however, is quite different than *McLaughlin*. There, the issue was the reasonableness of the rates charged on loans to parties in interest in light of Texas' usury law. *Id.* at 1339. As discussed in the text, ERISA requires plan fiduciaries charge a reasonable interest rate on loans made to parties in interest. 29 U.S.C. § 1108(b)(1). Here, how-

ever, the loan at issue was made to a third party. ERISA is silent concerning rates of interest chargeable under such circumstances.

**11.** It is at least as arguable that the absence of rate constraint encourages plans to make riskier loans than they would otherwise make, thus potentially weakening a plan financially.

**273**

On the contrary, California's usury law merely affects one relatively unimportant aspect of LH Research's potential investment conduct, and as to that, it does so only incidentally. Although it is the nature of pension plans to invest, lending is only one possible mode of investment. Moreover, the provision in no way prohibits the plan from lending, it only requires it do so at a rate no greater than that allowed all other nonexempt lenders. The flaw in LH Research's argument may be demonstrated by asking whether a state's truth-in-lending statute would be preempted because it potentially reduces the return a plan may get on its loans by restricting its ability to cheat.

The conclusion that ERISA does not preempt generally applicable usury laws is buttressed by an absence of any evidence that Congress intended preemption. A finding of preemption suggests that Congress intended to create a new form of lending institution free to operate in violation of state usury law. Such a radical conclusion requires much greater evidence than is before this court.

For all the above reasons, I conclude that 29 U.S.C. § 1144(a) is inapplicable to the California constitutional provision.

### V

### DISPOSITION

Because of this court's conclusion that ERISA does not preempt art. XV, § 1 of the California Constitution, but that it does preempt California Civil Code § 1917.220, LH Research is potentially subject to California's usury law.[12] Whether the particular loan in issue is subject to that law, and if so, the effect of such a finding on the dispute between these parties has not been considered by the bankruptcy court. Accordingly, this court recommits this case to that court.

12. LH Research has filed a request for further briefing on the issue of whether Seolas has standing to raise the defense of usury. This issue has not been considered by the bankruptcy court. Given that the case will be recommit-

### VI

### ORDER

For all of the above reasons, IT IS HEREBY ORDERED as follows:

1. The bankruptcy court's determination that California's usury law does not apply to ERISA-regulated employee benefit plans is REVERSED;

2. This matter is REMANDED to the bankruptcy court for its further consideration and action consistent with this order.

IT IS SO ORDERED.

ted to that court for further consideration in light of this opinion, that motion and the underlying issue should first be addressed by that court.